## BALLOU v. TILTON.

Where an executor, being a party to a suit, has elected to testify in the cause, the court has no discretionary power to reject the proffered testimony of the adverse party, even though it relate to conversations between himself and the testator, of which the executor had no knowledge, and which he could have no means of contradicting or explaining.

An amendment by which the defendant was described as " executor of J. B., Jr.," instead of " administrator of J. B.," was allowed.

Notice to the defendant of the caption of a deposition, designated the action as one in which W. V. B. T. is defendant, not describing him as executor, when, in fact, the suit was against him in that capacity; and also described the suit as pending in the county of R. between the plaintiff and said W. V. B. T., where no other action was pending between the parties, in their own or in any representative capacity. The defendant attended the caption, and there, as well as at the trial, objected to the evidence as defective in this particular. *Held*, that the deposition was admissible.

ASSUMPSIT, by Alexander M. Ballou against Washington V. B. Tilton. 1. The defendant was sued as administrator of Jonathan Ballou. The plaintiff was allowed to amend the writ and declaration so as to make the suit against the defendant as executor of Jonathan Ballou, Jr.; and the defendant excepted. The testator was commonly called and known as Jonathan Ballou, but signed his will by the name of Jonathan Ballou, Jr.; and there was another man, older than he, called Jonathan Ballou. The defendant suffered no other injury from the amendment than the loss of a technical objection to a variance between the declaration and the evidence. 2. The plaintiff offered the deposition of George A. Little. The defendant, at the caption and at the trial, objected to the notice as defective in describing the action as one in which Washington V. B. Tilton is defendant, not describing him as administrator or executor. The notice described the suit as pending in the county of Rockingham between this plaintiff and Washington V. B. Tilton. There was no other action pending at the time in this county between those persons, in their own or in any representative capacity. The deposition was admitted, and the defendant excepted. 3. The defendant, being called as a witness by his counsel, testified that there were two men in Deerfield named Jonathan Ballou, of whom the testator was the younger; that he had received two letters from Mr. Little, before suit, which letters he produced and read to the jury as evidence upon the question whether the plaintiff's claim had been exhibited to the defendant before suit; that he did not know whose claim it was that was exhibited to him by the letters, and did not know that the plaintiff had a claim until this suit was brought;—he also testified to the time when he settled his account as executor. The action was brought for the board of the testator. Subject to the defendant's exception, the plaintiff was allowed to be sworn as a witness, and to testify concerning the board and his claim against the testator, and to conversations between himself and the deceased.

The jury found a verdict for the plaintiff, which the defendant moved to set aside; and the questions of law thus raised were reserved.

*Stickney*, for the defendant.

*Little*, for the plaintiff.

FOSTER, J.  The first exception, namely, to the amendment by which the defendant was designated as " executor of Jona. Ballou, Jr.," instead of " administrator of Jona. Ballou," is overruled.

The statute, the rules of court, and the decisions are uniform and conclusive in favor of the right and propriety of the allowance of such an amendment.  Gen. Stats., ch. 207, sec. 8 ; 14th Gen. Rule ; *Berry* v. *Osborn*, 28 N. H. 279 ; *Stearns* v. *Wright*, 50 N. H. 293, and cases there cited.

The second exception is also groundless.  No requirement of the statute relating to the caption of depositions was violated or omitted. The defendant could not have been misled by the notice, since there was no other suit against him.  He was not misled, because his attendance at the caption furnished him abundant facility to ascertain whether or not he was the *party* whose attendance was invited.  The authorities cited by the defendant's counsel upon this point are not pertinent to the question.  See *Bundy* v. *Hyde*, 50 N. H. 116, 120.

Neither can his third exception avail the defendant.

Before the statute of 1857, Laws, ch. 1952, sec. 3, parties ordinarily could not testify.  By the terms and intent of that act, the disqualification of interest was removed, and parties were made competent witnesses, except in certain specified cases.  One of the exceptions was a case where the adverse party was an executor or administrator, in which case the testimony could not be received without the consent of such adverse party.

By the law of 1858, the exception was so modified as to dispense with the necessity for such consent, and to substitute therefor the election of the adverse party to testify himself as a witness, in which case the language of the act is, " both parties may testify."

The change of phraseology and arrangement adopted in the Gen. Stats., ch. 209, secs. 13, 16, 17, does not materially affect the matter in the respect of the present inquiry.

The law therefore now is, that, if an executor or administrator, being a party, elects to testify, the adverse party may testify.  There is no limitation or qualification of these plain and unambiguous terms.

The first object of the statute was, to remove entirely the disqualification of interest, as affecting the competency of witnesses.  The law of 1857 was the foundation stone of the numerous steps in the direction then indicated, which have culminated in the liberality of the law with regard to the ascertainment of fact by all possible means, irrespective, even, of the marital relation, except in case of strictly confidential communications, and in a most radical change of the law and rules of evidence in criminal procedure.

And the reason why the exception was made, that where one party is an executor or administrator and does not elect to testify, the other party may not testify, undoubtedly was, to place the parties upon equal grounds, and not to allow the living party to a transaction to be a witness in relation to it, when the other party, being dead, cannot testify. But the legislature, in this respect, has failed to accomplish its probable design.

This case not only does not come within the reason of the exception, but it is also a manifest illustration of the imperfection and insufficiency of the law.

Where the deceased had personal knowledge of the matter in dispute, as in this case, and the executor had not (as we infer from his neglect to testify upon that subject), it seems manifestly unjust to allow the survivor to testify concerning the matter in dispute, and thus to give evidence which the other party, being dead, could not contradict or explain, simply because the executor has elected to testify upon a different and independent branch of the case, concerning which the deceased, from the nature of things, could have no knowledge, namely, matters occurring after his decease.

But the discretion conferred by sec. 17 of ch. 209, Gen. Stats., is limited to the admission and not to the exclusion of the testimony of the survivor.

The law is, " where it clearly appears to the court that injustice may be done without the testimony of the party, in such a case [that is, the case where the adverse party, being an executor or administrator, does *not* elect to testify] he may be allowed to testify."

The substance of this enactment was first provided by the law of 1865, chapter 4074, at the next session of the legislature after the publication of the opinion of the court in *Moore* v. *Taylor*, 44 N. H. 370, and probably, says PERLEY, C. J., in *Chandler* v. *Davis*, 47 N. H., at page 464, " in consequence of the suggestion found in that case." See *Moore* v. *Taylor*, at page 375.

If the suggestion of *this* case may lead to the passage of a law giving discretion to the court (subject to the revision of the full bench) to reject the testimony of the surviving party to the original transaction, in cases where the executor elects to testify, or to such a modification of the law as to provide that in no case shall the testimony of the survivor be received concerning those matters of which the deceased only, in connection with the survivor, had personal knowledge, there will be a much nearer approximation to a footing of equality between parties circumstanced like these, and an avoidance of the imputation of possible, not to say probable, injustice by reason of the admission of the surviving party's testimony.

Since, however, the legislature has not given the courts a discretion commensurate with the apparent demands of equity, except in a class of cases and circumstances not including the present, the defendant's third exception must be overruled, and there must be

*Judgment on the verdict.*